FILED

JOHN M. ROCHEFORT (State Bar No. 054427)
mark.rochefort@alston.com
DEBORAH Y. JONES (State Bar No. 178127)
debbie.jones@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

10 JUL 15 PM 2: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

JOHN E. STEPHENSON, JR*
john.stephenson@alston.com
JEFFREY J. SWART*
jeff.swart@alston.com
VAN A. ANDERSON*
van.anderson@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
*pro hac vice applications forthcoming*

Attorneys for Defendant and Cross-Complainant
WACHOVIA BANK, NATIONAL ASSOCIATION
(erroneously sued herein as "WACHOVIA BANK
NATIONAL ASSOCIATION, a North Carolina
banking association")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM CABABIE DANIEL; ELIAS CABABIE DANIEL; ELIAS CABABIE DANIEL AS EXECUTOR OF THE ESTATE OF JACOBO CABABIE DANIEL; HENRY SHAHERY; AND CABI HOLDINGS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA BANK, NATIONAL ASSOCIATION, a North Carolina banking association, NOP SCML LLC, a Delaware limited liability company; DEKABANK DEUTSCHE GIROZENTRALE; WESTDEUTSCHE IMMOBILIENBANK AG; MUNCHENER HYPOTHEKENBANK EG; NEW YORK LIFE INSURANCE COMPANY; | Case No. **CV10 5202**-GHK (Ex)<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 12 U.S.C. § 632**<br><br>**[Filed Concurrently with Civil Cover Sheet, Certificate of Interested Parties, Certificate of Service of Notice to Adverse Parties, and Appendix of State Court Pleadings and Orders]**<br><br>Filing Date: July 15, 2010 |

1

BLACKROCK FINANCIAL MANAGEMENT, INC.; GRANITE CP MEZZ LLC; DIAMOND CP MEZZ LLC; GRAMERCY INVESTMENT TRUST; GREEN LOAN SERVICES LLC; KBS M-2B HOLDINGS., LTD., KBS M-3A HOLDINGS, LTD., P7 OWNER LLC; CARLTON STRATEGIC VENTURES; HINES HOLDINGS, INC.; and DOES 1 through 50, inclusive,

Defendants.

AND RELATED CROSS-ACTIONS.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 12 U.S.C. § 632, Defendant Wachovia Bank, National Association (erroneously sued herein as "Wachovia Bank, National Association, A North Carolina banking association") ("Defendant" or "Wachovia") hereby removes the above-titled action ("Action") from the Superior Court of the State of California for the County of Los Angeles ("State Court"), where the above-titled action was filed, to the United States District Court for the Central District of California. In support of this notice, Defendant alleges as follows:

## BACKGROUND

1.     This is a dispute between and among foreign and American citizens that arises out of Wachovia's origination of a series of loans in or around July 2007 totaling approximately $1.5 billion (the "Arden Loans") for the purchase of thirty-three separate office properties (the "Arden Properties") located in and around Los Angeles, California. *See* Am. Compl. ¶¶ 27-30. The Arden Loans were structured as a "mezzanine financing" arrangement, pursuant to which separate loans were made to five separate borrowers, which were special purpose entities that acquired direct or indirect ownership interests in the Arden Properties. The borrowers were directly and/or indirectly owned and/or controlled by certain individuals and entities, including

1  citizens of Mexico who are the Plaintiffs in this action. *See* Am. Compl. ¶¶ 1-3 and
2  39.

3       2.   At the senior-most level of the arrangement, the related loans (as
4  evidenced by the "Senior Notes" held by the Senior Lenders) were secured by the
5  Arden Properties.   The Senior Lenders include three German banks, Defendants
6  Dekabank Deutsche Girozentrale, Westdeutsche Immobilienbank AG, Munchener
7  Hypothekenbank EG. *See* Am. Compl. ¶¶ 11-13.

8       3.   At the other levels of the arrangement, the related loans (as evidenced by
9  the "Mezzanine Notes" held by the Mezzanine Lenders) were secured by equity
10  interests in special purpose entities at each layer of the lending stack.

11       4.   Pursuant to each of the Senior Notes and Mezzanine Notes, a specified
12  payment of principal called a "Minimum Amortization Payment" (a "MAP") was due
13  and payable on September 23, 2008, and again on August 7, 2009.  The amount of the
14  MAPs due on these two dates is specified by a formula in each Note, but in general
15  terms, the aggregate amount of these MAPs is $150 million at each due date, *see* Am.
16  Compl. ¶ 44, which amount is adjusted downward formulaically based upon certain
17  earlier principal reductions.   After adjustment for prior principal reductions, the
18  aggregate MAPs due on September 23, 2008 totaled approximately $105 million.

19       5.   The Plaintiffs in this action, some of whom are Mexican citizens, issued
20  certain guaranties (the "Guaranties") related to certain obligations of the borrowers at
21  each level of the lending arrangement, including but not limited to "Borrower's failure
22  to make the Minimum Amortization Payments ... pursuant to the terms of the Note."
23  *See* Am. Comp. ¶¶ 46-47.

24       6.   On September 23, 2008, each of the borrowers failed to make the MAPs
25  required by the Senior Notes and Mezzanine Notes. *See* Am. Compl. ¶¶ 94-95.   On
26  September 24, 2008, notices of default and/or demands for payment were submitted
27  with respect to the MAPs due under each of the Senior Notes and Mezzanine Notes.
28  *See id.* ¶ 96.

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 12
U.S.C. § 632

7.     Thereafter, the junior-most Mezzanine Lender, Defendant NOP SCML LLC ("NOP"), foreclosed upon the equity collateral of the junior-most borrower. As a result of this foreclosure, NOP then became the owner of the equity of the special purpose entity at the top of the chain of borrower entities that, in turn, indirectly owned all of the Arden Properties. *See* Am. Compl. ¶¶ 103-104.

8.     On November 19, 2008, Plaintiffs (the Guarantors for the Arden Loans) commenced the Action in the Superior Court of the State of California, County of Los Angeles. Two of the Plaintiffs – Abraham Cababie Daniel and Elias Cababie Daniel – are citizens of Mexico and one is the Mexican representative of the estate of a deceased Mexican citizen. *See* Am. Compl. ¶¶ 1-2. Specifically, Jacobo Cababie Daniel, who also was a citizen of Mexico and a Guarantor under the Arden Loans, is now deceased. The Action was brought on behalf of his Mexican estate by his executor, Elias Cababie Daniel, who is also a citizen of Mexico. *Id.* ¶ 3.

9.     The case caption presently is as follows: *Abraham Cababie Daniel, Elias Cababie Daniel, Elias Cababie Daniel as Executor of the Estate of Jacobo Cababie Daniel, Henry Shahery and Cabi Holdings, Inc. v. Wachovia Bank, National Association, A North Carolina banking association, NOP SCML LLC, a Delaware limited liability company, Dekabank Deutsche Girozentrale, Westdeutsche Immobilienbank AG, Munchener Hypothekenbank EG, New York Life Insurance Company, Blackrock Financial Management, Inc., Granite CP Mezz LLC, Diamond CP Mezz LLC, Gramercy Investment Trust, Green Loan Services LLC, KBS M-2B Holdings, Ltd., KBS M-3A Holdings, Ltd., P7 Owner LLC, Carlton Strategic Ventures, Hines Holdings, Inc., and Does 1 through 50, inclusive*, No. BC402290.

10.     True and correct copies of all process, pleadings, and orders served upon Defendants as of the date of this Notice of Removal are attached to the Appendix of State Court Pleadings and Papers, filed concurrently herewith.

11.     In their Original Complaint, Plaintiffs sought a declaratory judgment that:

        (i)     Plaintiffs' liability under the Guaranties with respect to the

4

1   September 2008 MAPs cannot be ascertained until all of the loans are due, and the

2   underlying properties are either sold at foreclosure or refinanced, because Defendants

3   can have no "Loss" within the meaning of the Guaranties until the occurrence of those

4   events; and

5           (ii)   Plaintiffs' liability under the Guaranties with respect to the August

6   2009 MAPs similarly cannot be ascertained unless and until the remaining borrowers

7   fail to pay those MAPs, and the underlying properties are either sold at foreclosure or

8   refinanced.

9        12.   Wachovia and certain other Defendants each filed Answers generally

10  denying the allegations of Plaintiffs' Complaint.

11       13.   Additionally, Wachovia and certain other Defendants filed cross-

12  complaints against Plaintiffs for breach of the applicable Guaranty, contending that

13  Plaintiffs are currently liable in connection with the borrowers' failure to make the

14  September 2008 MAPs.

15       14.   On June 15, 2010, Plaintiffs filed their First Amended Complaint, which

16  sought declaratory relief similar to that which Plaintiffs sought in the Original

17  Complaint and, *inter alia*, asserted a new cause of action against Wachovia for breach

18  of the covenant of good faith and fair dealing implied in the Guaranties. *See* Am.

19  Compl. ¶¶ 139-151.   Generally, the First Amended Complaint alleges that Wachovia

20  breached the implied covenant of good faith and fair dealing by somehow

21  participating in or encouraging the foreclosure by Defendant NOP after the borrowers

22  failed to make the first MAP and defaulted under the terms of the Arden Loans. *See*

23  *id.* ¶ 147.

24  ## BASIS FOR REMOVAL

25       15.   This Court has original jurisdiction over this action pursuant to the Edge

26  Act as amended by the Banking Act of 1933 (commonly referred to as the Glass-

27  Steagall Act) (the "Act").   In relevant part, the Act provides as follows:

28

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 12
LEGAL02/31995885v1                                    U.S.C. § 632

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits. . . .

12 U.S.C. § 632.

16.    Thus, the Act provides federal district courts with original jurisdiction over disputes where: (1) one of the parties is a corporation organized under the laws of the United States; and (2) the dispute arises out of transactions involving international or foreign banking or other international or foreign financial operations. *See, e.g., Bank of Am. Corp. v. Braga Lemgruber*, 385 F. Supp. 2d 200, 213 (S.D.N.Y. 2005); *see also Wenzoski v. Citicorp*, 480 F. Supp. 1056, 1058 (N.D. Cal. 1979). Both of these elements are satisfied in the present dispute.

17.    Defendant Wachovia Bank, National Association is a federally chartered national bank organized under the laws of the United States. Each other defendant, with the exception of three banks organized under the laws of Germany, is likewise a corporation organized under the laws of the United States. *See* Am. Compl. ¶¶ 7-23. Plaintiff Cabi Holdings, Inc. is also a corporation so organized. *Id.* ¶ 5. The presence of any one of these organizations is sufficient to satisfy the first requirement for jurisdiction under the Act. *See Braga Lemgruber*, 385 F. Supp. 2d at 207.

18.    The second element is satisfied where the dispute involves "traditional banking activities," meaning "acts commonly understood to involve the services offered and business conducted by banks, as opposed to activities that have little to no connection to the business of banking." *City of Stockton v. Bank of Am., N.A.*, No. C-08-4060, 2008 U.S. Dist. LEXIS 95189, *12 (N.D. Cal., Nov. 13, 2008). This

1    standard is not a strict one; it is satisfied "even in cases based on state law causes of

2    action and containing only an incidental connection to banking law, and even though

3    the international or foreign banking activity was not central to the case." *Braga*

4    *Lemgruber*, 385 F. Supp. 2d at 214 (citations omitted).

5         19.   This requirement is also satisfied where the litigation arises out of

6    international or foreign financial operations other than banking.   Such financial

7    operations include "those operations that provide capital or loan money as needed to

8    carry on business." *See Stamm v. Barclays Bank*, 960 F. Supp. 724, 728 (S.D.N.Y.

9    1997).

10        20.   At the center of this dispute are Guaranties from Mexican citizens (and

11   others) in connection with a mezzanine financing arrangement pursuant to which

12   Wachovia advanced funds or otherwise participated in loans to purchase commercial

13   real estate to be owned by entities sponsored by the Guarantors (including three

14   citizens of Mexico).   Not only do the underlying loans constitute international or

15   foreign financial operations for purposes of the Act, but the Guaranties, on which

16   Wachovia relied in making or otherwise participating in the underlying loans, do as

17   well. *See Conjugal Soc. Composed of Juvenal Rosa v. Chicago Title Ins. Co.*, 690

18   F.2d 1, 4 (1st Cir. 1982) (holding that "Section 632 jurisdiction exists over a claim by

19   one cosignor of a letter of guaranty against another cosignor contesting the validity of

20   the letter, when the letter was relied upon by a bank in granting a loan"); *see also*

21   *Telecredit Serv. Ctr. v. First Nat'l Bank*, 679 F. Supp. 1101, 1104 (S.D. Fla. 1988)

22   (enumerating the provision of letters of guaranty as a traditional banking activity even

23   under a narrow reading of the Act's jurisdictional grant).

24        21.   Here, Plaintiffs, two of whom are Mexican citizens and one of which is a

25   Mexican estate, seek a declaratory judgment against Wachovia and the other

26   Defendants (including three German banks) regarding the extent of Plaintiffs'

27   obligations under the Guaranties.   Plaintiffs also claim that Wachovia breached the

28   covenant of good faith and fair dealing implied in the Guaranties in connection with

7

1    its performance of the traditional banking activities of underwriting and servicing the
2    Arden Loans.

3        22.   Additionally, Wachovia has asserted a cross-complaint against Plaintiffs
4    (including the Mexican citizens) for breach of the express terms of the Guaranties.

5        23.   The second requirement for Act jurisdiction is therefore plainly met in
6    this dispute.

7    **TIMELINESS OF REMOVAL**

8        24.   Removal in this matter is timely because the Act expressly provides that
9    any defendant in any suit arising under its provisions "may, *at any time before the*
10   *trial thereof*, remove such suits from a State court into the district court of the United
11   States for the proper district by following the procedure for the removal of causes
12   otherwise provided by law." 12 U.S.C. § 632 (emphasis added).

13       25.   Because the Act provides for removal *"at any time before the trial,"* the
14   typical removal deadlines set forth in 28 U.S.C. § 1446 do not apply to cases arising
15   under the Act. *See, e.g., Hill v. Citicorp*, 804 F. Supp. 514, 516 (S.D.N.Y. 1992)
16   (holding that "section 632 does not incorporate by reference the thirty-day time limit
17   set forth in section 1446"); *Libra Bank v. Banco Nacional de Costa Rica, S.A.*, No. 81-
18   Civ.-7624, 1981 U.S. Dist. LEXIS 16596 (S.D.N.Y. Apr. 12, 1982) (holding
19   defendants' petition for removal filed more than 30 days after initial pleadings was
20   timely, because "[h]aving found that § 632 provides a basis for subject matter
21   jurisdiction here, this court is bound to follow its mandate that removal may be made
22   'at any time before the trial'"); *Magel v. Fed. Reserve Bank*, 776 F. Supp. 200 (E.D.
23   Pa. 1991) (permitting removal where defendant removed the case approximately
24   thirteen months following the filing of the plaintiff's complaint).

25       26.   No trial has occurred in this case and no party has filed any dispositive
26   motion reaching the substantive merits of any issue in the case. In fact, the parties are
27   still engaged in discovery and no depositions have been taken. Therefore, removal is
28   timely under the Act.

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 12
U.S.C. § 632

27.   Even if the removal deadline set forth in 28 U.S.C. § 1446 applied here, which it does not, Wachovia's removal would still be timely, because this Notice of Removal was filed within thirty days of the filing of the First Amended Complaint on June 15, 2010 and Wachovia's receipt of the First Amended Complaint on June 16, 2010.

## **CONSENT TO REMOVAL**

28.   The Act provides that "any defendant" has the power to remove a suit to federal court where the suit meets its requirements.   12 U.S.C. § 632; *see also Wenzoski*, 480 F. Supp. at 1058 (finding that "although unanimity among defendants is ordinarily required when removal is pursuant to 28 U.S.C. § 1441(a), since removal in this case was pursuant to 12 U.S.C. § 632 unanimous joinder in the removal petition was not necessary").   Therefore, the consent of the other defendants to this action is unnecessary to effect its removal to this Court.

29.   Nevertheless, the undersigned Counsel for Wachovia avers that Defendants Munchener Hypothekenbank EG, Dekabank Deutsche Girozentrale, Westdeutsche Immobilienbank AG, New York Life Insurance Company, NOP SCML LLC, Blackrock Financial Management, Inc., Granite CP Mezz LLC, Diamond CP Mezz LLC, Gramercy Investment Trust, Green Loan Services LLC, KBS M-2B Holdings, Ltd., KBS M-3A Holdings, Ltd., P7 Owner LLC, Carlton Strategic Ventures, and Hines Holdings, Inc., which constitute all other defendants in this action, have consented to the removal of the action to this Court.

///
///
///
///
///
///
///

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 12 U.S.C. § 632

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREFORE, Wachovia Bank, National Association hereby respectfully notifies this Court that pursuant to 12 U.S.C. § 632, it has removed the above action from the Superior Court of the State of California in and for the County of Los Angeles to this Court.

DATED: July 15, 2010

JOHN E. STEPHENSON, JR*
JOHN M. ROCHEFORT
JEFFREY J. SWART*
DEBORAH Y. JONES
VAN A. ANDERSON*
*pro hac vice applications forthcoming
ALSTON & BIRD LLP

_____
Deborah Y. Jones
Attorneys for Defendant and Cross-Complainant
WACHOVIA BANK, NATIONAL ASSOCIATION
(erroneously sued herein as "WACHOVIA BANK,
NATIONAL ASSOCIATION, a North Carolina banking
association")

10

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 12
U.S.C. § 632

LEGAL02/31995885v1

# PROOF OF SERVICE

I, Melony Hempfling, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On July 15, 2010 I served the document(s) described as **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 12 U.S.C. § 632** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☒ BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

| | |
|---|---|
| Patricia L. Glaser, Esq.<br>Mark G. Krum, Esq.<br>Craig H. Marcus, Esq.<br>GLASER, WEIL, FINK, JACOBS,<br>   HOWARD & SHAPIRO LLP<br>10250 Constellation Boulevard<br>19th Floor<br>Los Angeles, CA 90067 | Attorneys for Plaintiffs and Cross-Defendants<br>Abraham Cababie Daniel, Elias Cababie Daniel, Elias Cababie Daniel as executor of the Estate of Jacobo Cababie Daniel, Henry Shahery and Cabi Holdings, Inc.<br>Tel: (310) 553-3000<br>Fax: (310) 556-2920<br>Email: pglaser@glaserweil.com |

☒ [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2010, at Los Angeles, California.

_____
Melony Hempfling

LEGAL02/31995885v1

1

**ABRAHAM CABABIE DANIEL, et al., v. WACHOVIA BANK, NATIONAL ASSOCIATION, et al.**

2

3

**SERVICE LIST**

4

Mr. Geoff Ezgar, Esq.
King & Spalding LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065

5

6

Attorneys for Defendant
Münchener Hypothekenbank EG
Tel: (650) 590-0740
Fax: (213) 590-1900
Email:  gezgar@kslaw.com

7

Mr. Stuart Richter, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012

8

9

10

Attorneys for Defendants
Dekabank  Deutsche  Girozentrale  and
Westdeutsche ImmobilienBank AG
Tel: (310) 788-4582
Fax: (310) 712-8434
Email:  stuart.richter@kattenlaw.com

11

Ms. Betty M. Shumener, Esq.
DLA Piper LLP
550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678

12

13

Attorneys for Defendant
New York Life Insurance Company
Tel: (213) 330-7707
Fax: (213) 330-7607
Email:  betty.shumener@dlapiper.com

14

Mr. Jesse Sharf, Esq.
Mr. Jesse Shapiro, Esq.
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067-3026

15

16

17

Attorneys for Defendants
P7 Owner LLC and Carlton Strategic
Ventures
Tel: (310) 552-8512
Fax: (310) 229-6638
Email:  jsharf@gibsondunn.com
       jshapiro@gibsondunn.com

18

Mr. Robert Stemler, Esq.
Ms. Julie Kole, Esq.
Keesal, Young & Logan
450 Pacific Avenue
San Francisco, CA 94133

19

20

21

22

23

Attorneys for Defendants
BlackRock Financial Management, Inc.,
Granite CP Mezz LLC and Diamond CP
Mezz LLC
Tel:  (415) 398-6000
Fax: (415) 981-0136
Email:  robert.stemler@kyl.com
       julie.kole@kyl.com
       nathan.jaskowiak@kyl.com

24

Mr. Joseph Duffy, Esq.
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132

25

26

27

28

Attorneys for Defendant KBS M-2B
Holdings, Ltd. and Defendant and Cross-
Complainant KBS M-3A Holdings, Ltd.
Tel: (213) 612-7378
Fax: (213) 612-2501
Email:  jduffy@morganlewis.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gregory B. Koltun, Esq.
Morrison Foerster LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013-1024

Attorneys for Defendant Gramercy
Investment Trust and Defendant and
Cross-Complainant Green Loan Services
LLC
Tel:  (213) 892-5551
Fax:  (213) 892-5454
Email:  gkoltun@mofo.com

Wayne S. Flick, Esq.
Amy Quartarolo, Esq.
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560

Attorneys for Defendant and Cross-
Complainant
NOP SCML LLC and Defendant Hines
Holdings, Inc.
Tel:  (213) 485-1234
Fax:  (213) 891-8763
Email:  wayne.s.flick@lw.com
        amy.quartarolo@lw.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 5202 GHK (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ABRAHAM CABABIE DANIEL
ELIAS CABABIE DANIEL
(See Attachment 1)

**DEFENDANTS**
WACHOVIA BANK, NATIONAL ASSOCIATION, A North Carolina banking association*
(See Attachment 2)

County of Residence of First Listed Plaintiff - Mexico

County of Residence of First Listed Defendant - San Francisco County

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
(See Attachment 3)

Attorneys (If Known)
(See Attachment 4)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined at trial.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
12 U.S.C. 632 - (See Attachment 5)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☒ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10 5202**

**FOR OFFICE USE ONLY:**  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| HENRY SHAHERY - Los Angeles County | ABRAHAM CABABIE DANIEL - Mexico<br>ELIAS CABABIE DANIEL - Mexico<br>(Continued in Attachment 6) |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| KBS M-2B HOLDINGS, LTD. - Orange County<br>KBS M-3A HOLDINGS, LTC. - Orange County | WACHOVIA BANK, NATIONAL ASSOCIATION - incorporated in North Carolina, principal place of business San Francisco County<br>(Continued in Attachment 7) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _(signature)_  Date July 15, 2010
    Deborah Y. Jones
**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

**ATTACHMENT 1 TO CIVIL COVER SHEET**

2

3  I(a).  Plaintiffs Not Previously Listed:

4  ELIAS CABABIE DANIEL AS EXECUTOR OF THE ESTATE OF JACOBO

5  CABABIE DANIEL

6  HENRY SHAHERY

7  CABI HOLDINGS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT 2 TO CIVIL COVER SHEET**

I(a).  Defendants Not Previously Listed:

*WACHOVIA BANK, NATIONAL ASSOCIATION is erroneously sued herein as "WACHOVIA BANK, NATIONAL ASSOCIATION, A North Carolina banking association"

NOP SCML LLC, a Delaware limited liability company

DEKABANK DEUTSCHE GIROZENTRALE

WESTDEUTSCHE IMMOBILIENBANK AG

MUNCHENER HYPOTHEKENBANK EG

NEW YORK LIFE INSURANCE COMPANY

BLACKROCK FINANCIAL MANAGEMENT, INC.

GRANITE CP MEZZ LLC

DIAMOND CP MEZZ LLC

GRAMERCY INVESTMENT TRUST

GREEN LOAN SERVICES LLC

KBS M-2B HOLDINGS, LTD.

KBS M-3A HOLDINGS, LTD.

P7 OWNER LLC

CARLTON STRATEGIC VENTURES

HINES HOLDINGS, INC.

DOES 1 through 50

1

2

### ATTACHMENT 3 TO CIVIL COVER SHEET

3   I(b).  Attorneys for Plaintiffs Not Previously Listed:

4   Patricia L. Glaser (SBN 55668)

5   Mark G. Krum (SBN 147788)

6   Craig H. Marcus

7   GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

8   10250 Constellation Boulevard, 19th Floor

9   Los Angeles, California 90067

10   Telephone: (310) 553-3000

11   Attorneys for ABRAHAM CABABIE DANIEL, ELIAS CABABIE DANIEL, ELIAS

12   CABABIE DANIEL AS EXECUTOR OF THE ESTATE OF JACOBO CABABIE

13   DANIEL, HENRY SHAHERY, AND CABI HOLDINGS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT 4 TO CIVIL COVER SHEET**

I(b).  Attorneys for Defendants Not Previously Listed:

John M. Rochefort (SBN 054427)

Deborah Y. Jones (SBN 178127)

Alston & Bird LLP

333 South Hope Street, 16th Floor

Los Angeles, California 90071

Telephone: (213) 576-1000

John E. Stephenson, Jr.*

Jeffrey J. Swart*

Van A. Anderson*

*pro hac vice applications forthcoming

Alston & Bird LLP

1201 West Peachtree Street

Atlanta, Georgia 30309

Telephone: (404) 881-7000

Attorneys  for  Defendant  WACHOVIA  BANK,  NATIONAL  ASSOCIATION
(erroneously sued herein as "WACHOVIA BANK, NATIONAL ASSOCIATION, A
North Carolina banking association")

Geoff Ezgar

King & Spalding LLP

333 Twin Dolphin Drive, Suite 400

Redwood Shores, California 94065

Telephone: (650) 590-0740

Attorney for Defendant MUNCHENER HYPOTHEKENBANK EG

1  Stuart Richter

2  Katten Muchin Rosenman LLP

3  2029 Century Park East, Suite 2600

4  Los Angeles, California 90067-3012

5  Telephone: (310) 788-4582

6  Attorney for Defendants DEKABANK DEUTSCHE GIROZENTRALE and

7  WESTDEUTSCHE IMMOBILIENBANK AG

8

9  Betty M. Shumener

10  DLA Piper LLP

11  550 South Hope Street, Suite 2300

12  Los Angeles, California 90071-2678

13  Telephone: (213) 330-7707

14  Attorney for Defendant NEW YORK LIFE INSURANCE COMPANY

15

16  Jesse Sharf

17  Jesse Shapiro

18  Gibson, Dunn & Crutcher LLP

19  2029 Century Park East

20  Los Angeles, California 90067-3026

21  Telephone: (310) 552-8512

22  Attorneys for Defendants P7 OWNER LLC and CARLTON STRATEGIC

23  VENTURES

24

25

26

27

28

1  Robert Stemler

2  Julie Kole

3  Keesal, Young & Logan

4  450 Pacific Avenue

5  San Francisco, California 94133

6  Telephone: (415) 398-6000

7  Attorneys for Defendants BLACKROCK FINANCIAL MANAGEMENT, INC.,

8  GRANITE CP MEZZ LLP, and DIAMOND CP MEZZ LLC

9

10  Joseph Duffy

11  Morgan, Lewis & Bockius LLP

12  300 South Grand Avenue, 22nd Floor

13  Los Angeles, California 90071-3132

14  Telephone: (213) 612-7378

15  Attorney for Defendants KBS M-2B HOLDINGS, LTD. and KBS M-3A

16  HOLDINGS, LTD.

17

18  Gregory B. Koltun

19  Morrison Foerster LLP

20  555 West Fifth Street, Suite 3500

21  Los Angeles, California 90013-1024

22  Telephone: (213) 892-5551

23  Attorney for Defendants GRAMERCY INVESTMENT TRUST and GREEN LOAN

24  SERVICES LLC

25

26

27

28

1   Wayne S. Flick
2   Kimberly A. Posin
3   Latham & Watkins LLP
4   355 South Grand Avenue
5   Los Angeles, California 90071-1560
6   Telephone: (213) 485-1234
7   Attorneys for Defendants NOP SCML LLC and HINES HOLDINGS, INC.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT 5 TO CIVIL COVER SHEET**

VI.  Brief Description of Cause of Action:

Removal of Plaintiffs' claims for Declaratory Relief, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Intentional Interference with Contract because they arise out of transactions involving international banking.

1

**ATTACHMENT 6 TO CIVIL COVER SHEET**

2

3    IX(a).  Residence of Plaintiffs Not Previously Listed:

4    ELIAS  CABABIE  DANIEL  AS  EXECUTOR  OF  THE  ESTATE  OF  JACOBO

5    CABABIE DANIEL – Mexico

6    CABI HOLDINGS, INC. – Florida

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2                 **ATTACHMENT 7 TO CIVIL COVER SHEET**
3
4 IX(b).  Residence of Defendants Not Previously Listed:
5 NOP SCML LLC – incorporated in Delaware, principal place of business Texas
6 DEKABANK DEUTSCHE GIROZENTRALE – Germany
7 WESTDEUTSCHE IMMOBILIENBANK AG – Germany
8 MUNCHENER HYPOTHEKENBANK EG – Germany
9 NEW YORK LIFE INSURANCE COMPANY – New York
10 BLACKROCK FINANCIAL MANAGEMENT, INC. – New York
11 GRANITE CP MEZZ LLC – incorporated in Maryland, principal place of business
12 New Jersey
13 DIAMOND CP MEZZ LLC – incorporated in Maryland, principal place of business
14 New Jersey
15 GRAMERCY INVESTMENT TRUST – New York
16 GREEN LOAN SERVICES LLC – New York
17 P7 OWNER LLC – Delaware
18 CARLTON STRATEGIC VENTURES – New York
19 HINES HOLDINGS, INC. – Texas
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I, Melony Hempfling, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On July 15, 2010 I served the document(s) described as **CIVIL COVER SHEET** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS      ☐ UPS NEXT DAY AIR      ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS   ☐ UPS   ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ BY E-MAIL: I submitted an electronic version of this document and exhibits, if any, via PDF to all parties at their e-mail addresses on the attached Service List.

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal]      I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2010, at Los Angeles, California.

Melony Hempfling

1

**ABRAHAM CABABIE DANIEL, et al., v. WACHOVIA BANK, NATIONAL ASSOCIATION, et al.**

2

3

**SERVICE LIST**

4 Patricia L. Glaser, Esq. (VIA PERSONAL SERVICE)
Mark G. Krum, Esq.

5 Craig H. Marcus, Esq.
GLASER, WEIL, FINK, JACOBS,

6 HOWARD & SHAPIRO LLP
10250 Constellation Boulevard

7 19th Floor
Los Angeles, CA 90067

8

Attorneys for Plaintiffs and Cross-Defendants
Abraham Cababie Daniel, Elias Cababie Daniel, Elias Cababie Daniel as executor of the Estate of Jacobo Cababie Daniel, Henry Shahery and Cabi Holdings, Inc.
Tel: (310) 553-3000
Fax: (310) 556-2920
Email: pglaser@glaserweil.com

9 Mr. Geoff Ezgar, Esq.
King & Spalding LLP

10 333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065

11

Attorneys for Defendant
Münchener Hypothekenbank EG
Tel: (650) 590-0740
Fax: (213) 590-1900
Email: gezgar@kslaw.com

12 Mr. Stuart Richter, Esq.
Katten Muchin Rosenman LLP

13 2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012

14

15

Attorneys for Defendants
Dekabank   Deutsche   Girozentrale   and Westdeutsche ImmobilienBank AG
Tel: (310) 788-4582
Fax: (310) 712-8434
Email: stuart.richter@kattenlaw.com

16 Ms. Betty M. Shumener, Esq.
DLA Piper LLP

17 550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678

18

Attorneys for Defendant
New York Life Insurance Company
Tel: (213) 330-7707
Fax: (213) 330-7607
Email: betty.shumener@dlapiper.com

19 Mr. Jesse Sharf, Esq.
Mr. Jesse Shapiro, Esq.

20 Gibson, Dunn & Crutcher LLP
2029 Century Park East

21 Los Angeles, CA 90067-3026

22

Attorneys for Defendants
P7   Owner   LLC   and   Carlton   Strategic Ventures
Tel: (310) 552-8512
Fax: (310) 229-6638
Email: jsharf@gibsondunn.com
        jshapiro@gibsondunn.com

23 Mr. Robert Stemler, Esq.
Ms. Julie Kole, Esq.

24 Keesal, Young & Logan
450 Pacific Avenue

25 San Francisco, CA 94133

26

27

Attorneys for Defendants
BlackRock Financial Management, Inc., Granite CP Mezz LLC and Diamond CP Mezz LLC
Tel: (415) 398-6000
Fax: (415) 981-0136
Email: robert.stemler@kyl.com
        julie.kole@kyl.com
        nathan.jaskowiak@kyl.com

28

1

2    Mr. Joseph Duffy, Esq.                    Attorneys for Defendant KBS M-2B
     Morgan, Lewis & Bockius LLP              Holdings, Ltd. and Defendant and Cross-
3    300 South Grand Avenue, 22nd Floor       Complainant KBS M-3A Holdings, Ltd.
     Los Angeles, CA 90071-3132               Tel: (213) 612-7378
4                                             Fax: (213) 612-2501
                                              Email: jduffy@morganlewis.com
5
     Gregory B. Koltun, Esq.                  Attorneys for Defendant Gramercy
6    Morrison Foerster LLP                    Investment Trust and Defendant and Cross-
     555 West Fifth Street, Suite 3500        Complainant Green Loan Services LLC
7    Los Angeles, CA 90013-1024               Tel: (213) 892-5551
                                              Fax: (213) 892-5454
8                                             Email: gkoltun@mofo.com

9    Wayne S. Flick, Esq.                     Attorneys for Defendant and Cross-
     Amy Quartarolo, Esq.                     Complainant
10   Latham & Watkins LLP                     NOP  SCML LLC and Defendant Hines
     355 South Grand Avenue                   Holdings, Inc.
11   Los Angeles, CA 90071-1560               Tel: (213) 485-1234
                                              Fax: (213) 891-8763
12                                            Email: wayne.s.flick@lw.com
                                                     amy.quartarolo@lw.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28